078250.0644(207)　　　　　　　　RMC:vkc　　　　　　　　　　　　#397

# IN THE UNITED STATES DISTRICT COURT
# FOR THE NORTHERN DISTRICT OF ILLINOIS
# EASTERN DIVISION

| | | |
|---|---|---|
| **CAMBRIDGE MUTUAL FIRE INSURANCE COMPANY,** | ) ) ) | |
| Plaintiff, | ) ) | 1:18-cv-05951 |
| v. | ) ) | |
| **BELL & ARTHUR CONDOMINIUM ASSOCIATION, an Illinois not-for-profit corporation, MICHAEL MENTO, LISA MIJATOVIC, DRITON RAMUSHI, ALAN ALHOMSI, and NAWWAR ALHOMSI,** | ) ) ) ) ) ) ) | |
| Defendants. | ) | |

## COMPLAINT FOR DECLARATORY JUDGMENT

Now comes the Plaintiff, Cambridge Mutual Fire Insurance Company, by its attorney, Robert Marc Chemers of Pretzel & Stouffer, Chartered, and for its Complaint for Declaratory Judgment against the Defendants, Bell & Arthur Condominium Association, an Illinois not-for-profit corporation, Michael Mento, Lisa Mijatovic, Driton Ramushi, Alan Alhomsi, and Nawwar Alhomsi, alleges the following:

### JURISDICTION

1.　　The jurisdiction of this Court is premised upon 28 U.S.C. § 1332 because there is complete diversity of citizenship between the parties and the amount in controversy exceeds the sum of $75,000, exclusive of interest and costs, in this action seeking a declaration of no insurance coverage.

## VENUE

2.	Venue is premised upon 28 U.S.C. § 1391 as the Defendants are residents of this District.

## THE PARTIES

3.	Cambridge Mutual Fire Insurance Company ("Cambridge") is a Massachusetts insurance corporation, which maintains its principal place of business in Andover, Massachusetts, and which at all times herein relevant was licensed to and which did transact insurance business in the State of Illinois and elsewhere.

4.	Bell & Arthur Condominium Association ("the Association") is an Illinois not-for-profit corporation which maintains its principal place of business in Chicago, Illinois.

5.	Michael Mento ("Mento"), Lisa Mijatovic ("Mijatovic") and Driton Ramushi ("Ramushi") each are or were officers or directors of the Association, and each is a citizen and resident of the State of Illinois.

6.	Alan Alhomsi and Nawwar Alhomsi, his wife ("the underlying Plaintiffs") are the plaintiffs in a certain action brought against the Association, Mento, Mijatovic and Ramushi and others in another Court, which action will be more fully described later herein, and who are nominal but interested parties to this declaratory judgment action. Cambridge seeks no relief from the underlying Plaintiffs, who have been joined herein as defendants solely in order to be bound by the judgment rendered in this cause. The underlying Plaintiffs are either residents and citizens of the State of Illinois, or are citizens of a State other than

Massachusetts, or are citizens of another country.

### THE CAMBRIDGE POLICIES

7. Cambridge issued its policy of insurance numbered SBP 7021218 to the Association as named insured. The policy provided for Businessowners Liability Insurance, on a primary basis, for the effective period of December 6, 2015 to December 6, 2016. A certified copy of the Cambridge policy is attached hereto, made a part hereof and is marked as Pleading Exhibit A. The policy was renewed through a renewal policy for the period of December 6, 2016 to December 6, 2017 under the same policy number. A certified copy of the renewal policy is attached hereto, made a part hereof, and is marked as Pleading Exhibit B.

### THE UNDERLYING LITIGATION

8. The underlying Plaintiffs filed an action against the Association, Mento, Mijatovic and Ramushi in the Circuit Court of Cook County, Illinois, under Cause No. 17 L 3486. A true and correct copy of the Second Amended Verified Complaint in that action is attached hereto, made a part hereof and is marked as Pleading Exhibit C.

### TENDER OF DEFENSE

9. The Association, Mento, Mijatovic and Ramushi tendered their defense to Cambridge, and Cambridge accepted that tender subject to reservation for the reasons herein stated.

3

# COUNT I
## (DECLARATORY JUDGMENT RE: NO DUTY TO DEFEND)

10. Cambridge adopts and repeats the allegations of ¶¶ 1 through 9 as and for ¶ 10 hereof as though the same was fully set forth herein.

11. While the Cambridge policies, Pleading Exhibits A and B, extend coverage to an insured for "bodily injury," or "property damage," or "personal injury," as defined therein, as caused by an "occurrence," or otherwise, the claims in the underlying action by the underlying Plaintiffs do not involve those terms as defined.

12. Cambridge contends that the Association, Mento, Mijatovic and Ramushi are not entitled to any coverage under the Cambridge policies because of one or more or all of the following reasons:

> (a) That the claims of the underlying Plaintiffs do not involve an "occurrence" as defined by the policies of insurance, that is, there is no allegation of accidental conduct.
>
> (b) That the claims of the underlying Plaintiffs do not involve "property damage" caused by an "occurrence" as defined by the policies of insurance.
>
> (c) That the claims of the underlying Plaintiffs do not involve "bodily injury" as defined by the policies of insurance.
>
> (d) That the claims of the underlying Plaintiffs if they involve either "bodily injury" or "property damage" are specifically excluded from coverage as the claims arose out of and are in connection with conduct by the individuals which is not part of their duties as officers or directors of the Association.
>
> (e) That there is no coverage under the policies for the breach of a contract.

4

 (f) That there is no coverage under the policies for fraud.

 (g) That there is no coverage under the policies for personal injury publication at the direction of the insured with knowledge of its falsity.

 (h) That there is no coverage under the policies for an alleged breach of a duty allegedly owed to the underlying Plaintiffs which was intentionally breached by the Insureds.

 (i) That there is no coverage under the policies for an alleged scheme to harm the underlying Plaintiffs.

 (j) That the claims of the underlying Plaintiffs if they involve "personal injury" are specifically excluded from coverage as the claims arise out of and are in connection with conduct by the individuals which is not part of their duties as officers or directors of the Association.

13. The above contentions of Cambridge are, on information and belief, denied by the Association, Mento, Mijatovic and Ramushi who, in turn, contend that they are entitled to coverage under the Cambridge policies of insurance. Cambridge, in turn, denies the contrary contentions of those Defendants and each of them.

14. By reason of the foregoing, an actual and justiciable controversy exists between the parties and each of them, which may be determined by a judgment or order of this Court. Pursuant to the terms of 28 U.S.C. § 2201 and 2202, this Court has the power to declare and adjudicate the rights and liabilities of the parties hereto under the terms and provisions of the policies of insurance referred to herein, and to adjudicate the final rights of all parties, and to give such other and further relief as may be necessary to enforce the same.

## COUNT II
### (DECLARATORY JUDGMENT RE: NO DUTY TO DEFEND)

15. Cambridge adopts and repeats the allegations of ¶¶ 1 through 9 as and for ¶ 15 hereof as though the same was fully set forth herein.

16. While the Cambridge policies, Pleading Exhibits A and B, extend coverage to an insured for a "wrongful act" as defined therein, by the Association or a director or officer, namely, Mento, Mijatovic or Ramushi, the claims in the underlying action by the underlying Plaintiffs do not involve a "wrongful act" as that term is defined.

17. Cambridge contends that the Association, Mento, Mijatovic and Ramushi are not entitled to any coverage under the Cambridge policies under the Directors and Officers coverage because there is no allegation against any one or all of them for a negligent act, error, omission or breach of duty while acting in their capacity as a director or officer of the Association.

18. The above contentions of Cambridge are, on information and belief, denied by the Association, Mento, Mijatovic and Ramushi who, in turn, contend that they are entitled to coverage under the Cambridge policies of insurance. Cambridge, in turn, denies the contrary contentions of those Defendants and each of them.

19. By reason of the foregoing, an actual and justiciable controversy exits between the parties and each of them, which may be determined by a judgment or order of this Court. Pursuant to the terms of 28 U.S.C. § 2201 and 2202, this Court has the power to declare and

adjudicate the rights and liabilities of the parties hereto under the terms and provisions of the policies of insurance referred to herein, and to adjudicate the final rights of all parties, and to give such other and further relief as may be necessary to enforce the same.

### COUNT III
### (REIMBURSEMENT OF DEFENSE COSTS)

20. Cambridge adopts and repeats the allegations of ¶¶ 1 through 19 as and for ¶ 20 hereof as though the same were fully set forth herein.

21. The policies provide that where, as here, Cambridge does not have a duty to defend because a court determines that the insurance does not apply and a defense has been provided, then Cambridge is entitled to reimbursement from the insureds of all amounts paid by Cambridge for the defense provided in the action brought by the underlying Plaintiffs.

22. Specifically, each policy, Pleading Exhibits A and B, provides, in part, as follows:

### ILLINOIS CHANGES - DEFENSE COSTS

This endorsement modifies insurance provided under the following:

BUSINESSOWNERS COVERAGE FORM

The following is added to **Businessowners Liability Coverage Form** Paragraph **A. Coverages**:

If we initially defend an insured or pay for an insured's defense but later determine that the claim(s) is (are) not covered under this insurance, we will have the right to reimbursement for the defense costs we have incurred.

The right to reimbursement for the defense costs under this provision

will only apply to defense costs we have incurred after we notify you in writing that there may not be coverage, and that we have reserving our rights to terminate the defense and seek reimbursement for defense costs.

23. Cambridge contends that it is entitled to reimbursement of any defense costs incurred on behalf of the insureds because there is no duty to defend as alleged in Counts I and II hereof.

24. Cambridge further contends that it is entitled to reimbursement of the expense it incurred on behalf of its insureds pursuant to their contractual agreement with Cambridge pursuant to endorsement and to avoid an unjust enrichment.

## PRAYERS FOR RELIEF

**WHEREFORE,** the Plaintiff, Cambridge Mutual Fire Insurance Company, prays that this Court enters judgment finding and declaring the rights of the parties as follows:

### AS TO COUNT I:

A. That Cambridge Mutual Fire Insurance Company has no duty or obligation to provide a defense to Bell & Arthur Condominium Association for the action filed in the Circuit Court of Cook County, Illinois under Cause No. 17 L 3486, under its policies of insurance.

B. That Cambridge Mutual Fire Insurance Company has no duty or obligation to provide a defense to Michael Mento for the action filed in the Circuit Court of Cook County, Illinois under Cause No. 17 L 3486, under its policies of insurance.

C. That Cambridge Mutual Fire Insurance Company has no duty or obligation to provide a defense to Lisa Mijatovic for the action filed in the Circuit Court of Cook County, Illinois under Cause No. 17 L 3486, under its policies of insurance.

D. That Cambridge Mutual Fire Insurance Company has no duty or obligation to provide a defense to Driton Ramushi for the action filed in the Circuit Court of Cook County, Illinois under Cause No. 17 L 3486, under its policies of insurance.

E. That the Court grant Cambridge Mutual Fire Insurance Company such other and further relief as the Court deems fit and just under the circumstances.

F. That Cambridge Mutual Fire Insurance Company be awarded and have and recover its just and reasonable costs incurred herein and have execution issue therefor.

### AS TO COUNT II:

A. That Cambridge Mutual Fire Insurance Company has no duty or obligation to provide a defense to Bell & Arthur Condominium Association for the action filed in the Circuit Court of Cook County, Illinois under Cause No. 17 L 3486, under its policies of insurance.

B. That Cambridge Mutual Fire Insurance Company has no duty or obligation to provide a defense to Michael Mento for the action filed in the Circuit Court of Cook County, Illinois under Cause No. 17 L 3486, under its policies of insurance.

C. That Cambridge Mutual Fire Insurance Company has no duty or obligation to provide a defense to Lisa Mijatovic for the action filed in the Circuit Court of Cook County, Illinois under Cause No. 17 L 3486, under its policies of insurance.

D. That Cambridge Mutual Fire Insurance Company has no duty or obligation to provide a defense to Driton Ramushi for the action filed in the Circuit Court of Cook County, Illinois under Cause No. 17 L 3486, under its policies of insurance.

E. That the Court grant Cambridge Mutual Fire Insurance Company such other and further relief as the Court deems fit and just under the circumstances.

F. That Cambridge Mutual Fire Insurance Company be awarded and have and recover its just and reasonable costs incurred herein and have execution issue therefor.

### AS TO COUNT III:

A. That Cambridge Mutual Fire Insurance Company is entitled to a judgment against Bell & Arthur Condominium Association, Michael Mento, Lisa Mijatovic and/or Driton Ramushi for the amount of defense costs and expenses incurred by Cambridge Mutual Fire Insurance Company on their behalf in connection with the action filed in the Circuit Court of Cook County, Illinois, under Cause No. 17 L 3486, under its policies of insurance.

B. That the Court grant Cambridge Mutual Fire Insurance Company such other and further relief as the Court deems fit and just under the circumstances.

C. That Cambridge Mutual Fire Insurance Company be awarded and have and recover its just and reasonable costs incurred herein and have execution issue therefor.

Respectfully submitted:

**s/ Robert Marc Chemers**

Robert Marc Chemers
Bar Number: 0431508
*Attorneys for Plaintiff*
PRETZEL & STOUFFER, CHARTERED
One South Wacker Drive, Suite 2500
Chicago, Illinois 60606
Telephone: (312) 578-7548
Fax: (312) 346-8242
E-Mail: rchemers@pretzelstouffer.com