# IN THE UNITED STATES DISTRICT COURT
# FOR THE NORTHERN DISTRICT OF ILLINOIS
# EASTERN DIVISION

| | |
|---|---|
| CAMBRIDGE MUTUAL FIRE INSURANCE COMPANY, | )<br>)<br>) |
| Plaintiff, | )<br>) |
| v. | ) No. 18 C 05951<br>)<br>) Judge John J. Tharp, Jr. |
| BELL & ARTHUR CONDOMINIUM ASSOCIATION, an Illinois not-for-profit corporation, MICHAEL MENTO, LISA MIJATOVIC, DRITON RAMUSHI, SELI BENKO, ALAN ALHOMSI, and NAWWAR ALHOMSI | )<br>)<br>)<br>)<br>)<br>)<br>)<br>) |
| Defendants. | ) |

## ORDER

For the reasons set forth in the Statement below, the Court grants Plaintiff's motion to dismiss defendant Alan Alhomsi's counterclaim [82] and denies Plaintiff's motion to strike defendant Alan Alhomsi's crossclaim [84]. Mr. Alhomsi is required, however, by June 5, 2020, to show cause why the crossclaim should not be dismissed for lack of subject matter jurisdiction.

## STATEMENT

This matter began when Plaintiff Cambridge Mutual Fire Insurance Company ("Cambridge") filed a complaint in federal court seeking a declaratory judgment regarding its obligations under the insurance policy it issued to defendant Bell & Arthur Condominium Association ("the Association"). The impetus for Cambridge's suit was a previously filed state court matter ("the underlying case"). In that case, defendants Alan Alhomsi and Nawwar Alhomsi (together, "the underlying plaintiffs"), who own one of the condominium units, sued the Association and defendants Mento, Mijatovic, Ramushi, and Benko, who are alleged to be officers of the Association (together, "the underlying defendants"), in the Circuit Court of Cook County, Illinois, asserting a litany of state law tort claims stemming from alleged mismanagement of the Bell & Arthur condominium building and related misconduct. The matter before this Court, however, doesn't implicate any questions of fact at issue in the underlying case. Rather, it can be resolved with reference to two documents: the complaint in the underlying case and the insurance policy issued by Cambridge to the Association. The question presented in this case is a narrow, legal one: whether, under the issued policy, the allegations in the complaint trigger Cambridge's duty to defend the underlying defendants in the state court case.

But that ultimate question is not before the Court at this juncture. Along with his answer to Cambridge's complaint, Alan Alhomsi filed a counterclaim against Cambridge and a crossclaim against the underlying defendants. Cambridge has moved, under Rule 12(b)(6), to dismiss the

counterclaim against it. Cambridge has also moved, under Rule 12(f), to strike the crossclaim against the underlying defendants. The Court considers each motion in turn.

Alhomsi's putative counterclaim contains two counts. In the first count, Alhomsi contends that a declaratory judgment would be premature given the status of the underlying case. In the second count, Alhomsi alleges that Cambridge's failure to settle the underlying case harmed Alhomsi.

As to the first count, Alhomsi's argument is hard to pin down with precision. In the counterclaim itself, Alhomsi seems primarily concerned with maintaining the distinction between Cambridge's duty to defend and its potential duty to indemnify should the underlying case result in liability. In relevant part, Count I reads:

> 14. ALAN contends that a Declaratory Judgment that may be entered by this Court that "CAMBRIDGE has not [sic] duty or obligation to defend any of the defendants in Underlying Litigation" is different and not related to CAMBRIDGE's duty to indemnify claimants in that Underlying Litigation.
>
> 15. ALAN contends that a Declaratory Judgment that may be entered by this Court that "CAMBRIDGE has not [sic] duty or obligation to defend any of the defendants in Underlying Litigation" does not affect funds that may available [sic] to ALAN as a claimant in the Underlying Litigation under CAMBRIDGE's policies of insurance and does not in itself make such funds unavailable.

Counterclaim ¶¶ 14-15, ECF No. 109.

This is not a legal claim for relief against Cambridge; it is an argument about the scope and effect of a potential ruling on Cambridge's claims. As such, it fails to state a claim for relief against Cambridge. There is, moreover, no controversy between the parties about the issue presented in paragraph 14, at least at present. Alhomsi maintains that a declaratory judgment as to Cambridge's duty to defend would not resolve the issue of Cambridge's duty to indemnify; Cambridge agrees that any "determination as to whether Cambridge has a duty to indemnify the insureds in the underlying action" would be "premature and not yet ripe." *See* Mem. Sup. Mot. Dismiss at 3, ECF No. 82. Accordingly, there is no basis for issuing a declaratory ruling on this issue even if Count I of the counterclaim stated a claim—which it does not.

As clarified in Alhomsi's brief, paragraph 15 raises a concern that granting a declaratory judgment on the duty to defend would be premature because it would require "determin[ing] [ ] an ultimate fact at issue in the underlying lawsuit." Resp. Mot. Dismiss at 6 (citing *Maryland Cas. Co. v. Peppers*, 64 Ill. 2d 187, 197, 355 N.E.2d 24, 30 (1976)). The ostensible "ultimate fact" is Mento, Mijatovic, and Ramushi's status as "officers" of the Association: Alhomsi's underlying complaint alleges that they are not properly considered officers whereas Cambridge's complaint proceeds under the assumption that they are. The problem with Alhomsi's argument is that in this case—and in duty to defend cases more generally—the Court need not determine any facts to issue a declaratory judgment. "If the underlying complaint alleges facts within or potentially within policy coverage, an insurer is obligated to defend its insured even if the allegations are groundless, false or fraudulent." *Gen. Agents Ins. Co. of Am. v. Midwest Sporting Goods Co.*, 215 Ill. 2d 146,

155, 828 N.E.2d 1092, 1098 (2005). This is a question of law—not of fact—and its resolution would not preempt any factual finding in the underlying case. *See Lyerla v. AMCO Ins. Co.*, 536 F.3d 684, 687 (7th Cir. 2008) ("The construction of an insurance policy is a question of law.").

There is—of course—an exception to the general rule, but it is not implicated here. In some circumstances, parties may seek to introduce facts to "pierce" the underlying complaint. *See Nationwide Ins. v. Zavalis*, 52 F.3d 689, 694 (7th Cir. 1995) ("On occasion, either the insurer or the insured may attempt to pierce the allegations of the underlying complaint and prove that the insured's conduct was not, for example, negligent as alleged, but deliberate—or vice versa."). The exception raises additional complications because a court should not decide "ultimate facts," but rather limit itself to "those factual determinations [that] do not impact upon the underlying plaintiff's ability to pursue a theory of liability or resolve any issue critical to the insured's liability in the underlying litigation." *Fremont Compensation Ins. Co. v. Ace-Chicago Great Dane Corp.*, 304 Ill.App.3d 734, 743, 710 N.E.2d 132, 139 (1st. Dist. 1999). But Cambridge has not sought to introduce facts, so the exception is not implicated.

In short, with respect to the first count, Alhomsi's concerns about the effect of Cambridge's suit appear to be misplaced. And they are, in any event, not properly asserted in a counterclaim. Cambridge's motion to dismiss Count I of the counterclaim is therefore granted, without prejudice to any legal arguments that Mr. Alhomsi may otherwise be entitled to advance.

Alhomsi's second count alleges a failure to settle. As an initial matter, Alhomsi waived this claim when he failed to respond to Cambridge's argument in his response to the motion to dismiss. *See Bonte v. U.S. Bank, N.A.*, 624 F.3d 461, 466 (7th Cir. 2010) ("Failure to respond to an argument—as the [plaintiff has] done here—results in waiver."); *Stransky v. Cummins Engine Co.*, 51 F.3d 1329, 1335 (7th Cir. 1995), as amended (Apr. 7, 1995) ("[W]hen presented with a motion to dismiss, the non-moving party must proffer some legal basis to support his cause of action."). Even on the merits, however, the claim presented in the second count is unavailing. Alhomsi alleges that Cambridge failed to settle the underlying case despite an offer to do so, and that Alhomsi was harmed by that decision.

In support of its motion to dismiss, Cambridge argues that Alhomsi has not pleaded facts sufficient to find that Cambridge violated its duty to act in good faith when responding to settlement offers. That may be true, but there is an even more fundamental problem with Alhomsi's claim: Cambridge may owe a duty to the underlying defendants, but it owes no duty to Alhomsi.

> The 'duty to settle' arises because the policyholder has relinquished defense of the suit to the insurer. The policyholder depends upon the insurer to conduct the defense properly. In these cases, the policyholder has no contractual remedy because the policy does not specifically define the liability insurer's duty when responding to settlement offers. The duty was imposed to deal with the specific problem of claim settlement abuses by liability insurers where the policyholder has no contractual remedy.

*Cramer v. Ins. Exch. Agency*, 174 Ill. 2d 513, 525, 675 N.E.2d 897, 903 (1996). Clearly, the duty runs from the insurance company to the insured and Alhomsi, as the plaintiff in the underlying case, cannot assert it (or be harmed by actions in violation of it). Accordingly, Count II of

Alhomsi's counterclaim also fails to state a claim upon which relief may be granted and Cambridge's motion to dismiss the counterclaim is therefore granted.

The second issue before the Court is Alhomsi's crossclaim against the underlying defendants, which Cambridge has moved to strike under Rule 12(f). Federal Rule of Civil Procedure 12(f) provides that a district court "may strike from a pleading an insufficient defense or any redundant, immaterial, impertinent, or scandalous matter." Cambridge's argument is that the crossclaim is impertinent because the Court lacks—or should decline—subject matter jurisdiction. But Rule 12(f) is not the correct vehicle for dismissing a *claim*—that is the proper province of the defenses under Rule 12(b). *See, e.g.*, *Ehlerding v. Am. Mattress & Upholstery, Inc.*, 208 F. Supp. 3d 944, 953 (N.D. Ind. 2016) ("Rule 12(f) is not the proper vehicle to attack the sufficiency of Plaintiff's claims, which is essentially what Defendants are attempting to do."); *Whittlestone, Inc. v. Handi–Craft Co.*, 618 F.3d 970, 974 (9th Cir. 2010) ("Were we to read Rule 12(f) in a manner that allowed litigants to use it as a means to dismiss some or all of a pleading . . ., we would be creating redundancies within the Federal Rules of Civil Procedure, because a Rule 12(b)(6) motion . . . already serves such a purpose."). Specifically, here, a motion to dismiss the crossclaim for lack of subject matter jurisdiction would be brought under Rule 12(b)(1). Rule 12(b) motions, however, are only available to the party adverse to the claim (that is why, of course, Cambridge has attempted to bring its jurisdictional motion under Rule 12(f) rather than Rule 12(b)(1)). As a result, even if there are legitimate jurisdictional concerns with respect to the crossclaim, they are not Cambridge's concerns to raise. At this juncture, Alhomsi's claim of fraud is still properly before the Court and the allegations that comprise it remain undeniably relevant; therefore, Cambridge's motion to strike is denied.[1]

In sum, because Alhomsi's counterclaim fails to state a claim, Cambridge's motion to dismiss is granted. Alhomsi's crossclaim, however, survives because Rule 12(f) is the wrong vehicle—and Cambridge is the wrong party—to challenge it.

Date: April 9, 2020

John J. Tharp, Jr.
United States District Judge

---

[1] Reviewing the question of subject matter jurisdiction over the crossclaim, the Court questions whether it has subject matter jurisdiction over the crossclaim, which is a state law fraud claim asserted by an Illinois citizen against other Illinois citizens. The crossclaim invokes jurisdiction under 28 U.S.C. § 2201, but that is a rule of procedure and does not itself vest federal courts with subject matter jurisdiction (as Cambridge rightly notes in its motion). Alhomsi also invokes supplemental jurisdiction under 28 U.S.C. § 1367, but there is reason to question whether the state law fraud claim that Alhomsi seeks to assert forms part of the same case or controversy as the contractual relationships governing the disputes about the duty to defend and indemnify. Accordingly, on its own motion, the Court will require Mr. Alhomsi to show cause why his crossclaim should not be dismissed for lack of subject matter jurisdiction.