078250.0644(207)　　　　　　　　JLF:lab　　　　　　　　　　#397

### IN THE UNITED STATES DISTRICT COURT
### FOR THE NORTHERN DISTRICT OF ILLINOIS
### EASTERN DIVISION

| | | |
|---|---|---|
| **CAMBRIDGE MUTUAL FIRE INSURANCE COMPANY,** | ) ) ) | |
| **Plaintiff,** | ) ) ) | |
| v. | ) ) | No. 18 C 5951 |
| **BELL & ARTHUR CONDOMINIUM ASSOCIATION,** an Illinois not-for-profit corporation, **MICHAEL MENTO, LISA MIJATOVIC, DRITON RAMUSHI, SELI BENKO, ALAN ALHOMSI,** and **NAWWAR ALHOMSI,** | ) ) ) ) ) ) ) ) | Judge Tharp<br><br>Magistrate Judge Mason |
| **Defendants.** | ) | |

### PLAINTIFF'S MEMORANDUM OF LAW IN SUPPORT OF
### ITS MOTION FOR SUMMARY JUDGMENT

Now comes the Plaintiff, Cambridge Mutual Fire Insurance Company ("Cambridge"), by its attorneys, Robert Marc Chemers and Jonathan L. Federman of Pretzel & Stouffer, Chartered, and in support of its Motion for Summary Judgment[1] pursuant to Rule 56 of the Federal Rules of Civil Procedure and Local Rule 56.1, respectfully states to this Honorable Court as follows:

---

[1] This Motion is in connection with Counts I and II of Cambridge's Amended Complaint. If the Court grants this Motion, Cambridge will move for judgment as to Count III of its Amended Complaint for reimbursement of defense costs (Doc. 35, ¶¶ 20-23).

## INTRODUCTION

This is an insurance coverage dispute. Cambridge submitted its Statement of Material Facts containing the relevant facts in support of this Motion (Doc. 126).

## STANDARD

A party may move for summary judgment, and the Court shall grant summary judgment if the movant shows that there is no genuine issue as to any fact and the movant is entitled to judgment as a matter of law. Fed. R. Civ. Proc. 56; *Travelers Ins. Co. v. Penda Corp.*, 974 F.2d 823, 827 (7th Cir. 1992). As this is a diversity case, Illinois' substantive law applies. *Id.*

## ARGUMENT

Summary judgment is appropriate as Cambridge does not have a duty to defend the Association or any of the Individual Defendants in the underlying action filed by the Underlying Plaintiffs. There are no questions of fact before the Court.

In Illinois, the burden is on the insured to prove that its claim falls within the coverage of an insurance policy. *Addison Ins. Co. v. Fay*, 232 Ill.2d 446, 453, 905 N.E.2d 747, 752 (2009). It is incumbent upon the insured to demonstrate that the claim falls within the terms of the policy. *Reedy Indus. v. Hartford Ins. Co.*, 306 Ill.App.3d 989, 994, 715 N.E.2d 728, 731 (1st Dist. 1999). "Once the insured has demonstrated coverage, the burden then shifts to the insurer to prove that a limitation or exclusion applies." *Fay*, 232 Ill.2d at 453.

"Illinois courts interpret insurance policies under the rules of contract interpretation." *Neth. Ins. Co. v. Phusion Projects, Inc.*, 737 F.3d 1171, 1177 (7th Cir. 2013). "In its interpretation of the insurance policy, the court's primary function is to ascertain and give effect to the intent of the parties as expressed in the contract." *Id.* "If the language of the insurance policy is unambiguous and does not offend public policy, the provision will be applied as written." *Id.* "Any ambiguity will be construed liberally in favor of the insured" and the "court will find an ambiguity where the policy language is susceptible to more than one reasonable interpretation, and not simply where the parties disagree as to the policy's meaning." *Id.* (citation omitted).

**1.    THE CAMBRIDGE POLICY DOES NOT COVER CLAIMS ABSENT ALLEGATIONS OF "BODILY INJURY," "PROPERTY DAMAGE," "PERSONAL INJURY," OR "ADVERTISING INJURY."**

The plain and unambiguous policy provisions provide that coverage applies to "bodily injury," "property damage," "personal injury," and "advertising injury." The policy does not cover other claims.

Here, most of the Underlying Plaintiffs' Third Amended Complaint counts do not involve any allegations of "bodily injury," "property damage," "personal injury," or "advertising injury" on the face of the complaint. The following counts clearly do not trigger coverage under the Cambridge policy: 1; 2; 3; 4; 5; 6; 7; 8; 9; 11; 12; 13; 14; 15; 16; 18; 20; 21; 22; 26; and 27. The allegations in the remaining counts (Counts 10, 17, 19, 23, 24, and 25) either do not trigger coverage or are unambiguously barred by policy exclusions.

**2. THE CAMBRIDGE POLICY ONLY COVERS "PROPERTY DAMAGE" CAUSED BY AN "OCCURRENCE."**

**A. THE UNDERLYING PLAINTIFFS DO NOT ALLEGE FACTS TO SUPPORT "PROPERTY DAMAGE" CAUSED BY AN "OCCURRENCE."**

The Cambridge policy only covers "property damage" which is caused by an "occurrence." An "occurrence" is defined as "an accident, including continuous or repeated exposure to substantially the same general harmful conditions." Counts 10, 17, 24, and 25 all contain a title involving "property damage." However, none of the allegations in the those counts contain any facts to support that the Underlying Plaintiffs suffered any "property damage" caused by an "occurrence."

In Illinois, a Court gives "little weight to the legal label that characterizes the underlying allegations." *Country Mut. Ins. Co. v. Dahms*, 2016 IL App (1st) 141392, ¶ 47, 58 N.E.3d 118, 127; *Santa's Best Craft, LLC v. St. Paul Fire & Marine Ins. Co.*, 611 F.3d 339, 347 (7th Cir. 2010). Therefore, the labels of the above counts are irrelevant. Rather, the relevant question is whether those counts contain sufficient factual allegations to trigger coverage. *Zurich Ins. Co. v. Raymark Indus., Inc.*, 118 Ill.2d 23, 52, 514 N.E.2d 150, 163 (1987).

Illinois Courts have long recognized that the term "accident" in an insurance policy means "an unforeseen occurrence, usually *** an undesigned sudden or unexpected event of an inflictive or unfortunate character." *W. Am. Ins. Co. v. Midwest Open MRI, Inc.*, 2013 IL App (1st) 121034, ¶ 22, 989 N.E.2d 252, 260. Whether "an occurrence is an accident depends on 'whether the *injury* is expected or intended by the

4

insured, not whether the acts were performed intentionally.'" *Id.* citing *United National Insurance Co. v. Faure Brothers Corp.*, 409 Ill.App.3d 711, 949 N.E.2d 1185 (1st Dist. 2011) (emphasis in original).

In *Midwest Open*, the Court held there were no allegations of accidental conduct or consequences. 2013 IL App (1st) 121034, ¶ 23. The Court noted that the allegations that the insured engaged in a conspiracy as part of a fraudulent and deceptive scheme was not an "occurrence" as defined by the policy. *Id.* at ¶ 24. In *Steadfast Ins. Co. v. Caremark Rx, Inc.*, the Court held that the allegations were based on a theory of intentional conduct involving a hidden scheme. 359 Ill.App.3d 749, 758, 835 N.E.2d 890, 898 (1st Dist. 2005); see also, *Hartford Cas. Ins. Co. v. Dental USA, Inc.*, 2014 U.S. Dist. LEXIS 85529, *8 (N.D. Ill. June 24, 2014) (no facts alleged that would relate to physical injury or loss of the use of tangible property and summary judgment granted in favor of the insurer).

Absent facts alleged that support the elements of a theory, a Court should not read facts into a complaint that are not in the complaint. *State Auto Prop. & Cas. Ins. Co. v. Bell & Arthur Condo. Ass'n*, 2020 U.S. Dist. LEXIS 65461 *14-15 (N.D. Ill. Apr. 14, 2020)[2] citing *Lagestee-Mulder, Inc. v. Consolidated Ins. Co.*, 682 F.3d 1054, 1059 (7th Cir. 2012). In *Bell & Arthur,* the Court held that the "'mere possibility that covered damage occurred does not trigger a duty to defend under Illinois law,' as the Court is not

---

[2] *Bell & Arthur* involved the same Defendants as this matter, as well as the same Underlying Plaintiffs' Third Amended Complaint, but a different insurer.

5

permitted to speculate about possible factual scenarios that are absent from the claim itself." *Id.* citing *Lagestee-Mulder, Inc.*, 682 F.3d at 1059.

Here, Counts 10, 17, 24 and 25 do not contain any facts to support "property damage" was caused by an "occurrence" as defined by the policy. Rather the Underlying Plaintiffs allege that the Association's boiler was no longer operational (Doc. 35-4, ¶ 179) and the Underlying Plaintiffs' cameras and other items were intentionally damaged by certain Defendants (Doc. 35-4, ¶¶ 265, 358). These counts contain no factual allegations to support that such damage was caused by an "occurrence" or an accident. As such, the Court should not read into allegations that are not alleged in the underlying complaint. *Bell & Arthur*, 682 F.3d at 1059. As in *Bell & Arthur*, the Underlying Plaintiffs fail to allege any facts sufficient to support "property damage" caused by an "occurrence." As in *Bell & Arthur*, the Court should find that the Underlying Plaintiffs' allegations do not trigger coverage under the Cambridge policy.

**B. THE CAMBRIDGE POLICY EXCLUDES EXPECTED OR INTENDED INJURY.**

The Cambridge policy unambiguously bars coverage as to "property damage" expected or intended from the standpoint of the insured. In Count 10, the Underlying Plaintiffs allege that Defendants Mento and Ramushi "engaged in a certain course of conduct to cause damage to the [boiler]" (Doc. 35-4, ¶ 174). Counts 17, 24, and 25 involve alleged "property damage" to cameras and other items. In Count 17, the Underlying Plaintiffs specifically allege that "Defendants MENTO & TRUSTS and BELL AND ARTHUR CONDOMINIUM ASSOCIATION engaged in a certain course

6

of conduct to intentionally cause damage to aforementioned personal property ***" (Doc. 35-4, ¶ 265). In Count 24, the Underlying Plaintiffs allege that "at all times relevant hereto, Defendants in this count engaged in a certain repetitive course of conduct to intentionally cause damage to aforementioned personal property (1) by damaging the aforementioned personal property) (Doc. 35-4, ¶ 358).

The policy unambiguously excludes coverage as to "property damage" expected or intended from the standpoint of the insured. The Underlying Plaintiffs' allegations make clear that any alleged "property damage" was intentionally caused by the insureds. Therefore, such allegations are expressly excluded from coverage.

**3.    THE CAMBRIDGE POLICY DOES NOT COVER THE ASSOCIATIONS' CLAIMS AS THE UNDERLYING PLAINTIFFS CANNOT PROSECUTE OR RECOVER THOSE DAMAGES.**

In the Underlying Plaintiffs' Third Amended Complaint, Counts 1-14, 21, and 22 are brought, in part, derivatively on behalf of the Association. Counts 6-9, 11, 12, and 16 are claims exclusively brought derivatively on behalf of the Association.

Neither Alan Alhomsi nor Nawwar Alhomsi is a licensed attorney and both are representing themselves, *pro se,* in the Underlying Litigation (Doc. 35-4, pg. 85). A not-for-profit corporation, such as the Association, must be represented by a lawyer licensed to practice law. *United States v. Hagerman*, 545 F.3d 579, 581 (7th Cir. 2008); *Strong Delivery Ministry Ass'n v. Bd. of Appeals of Cook Cty.*, 543 F.2d 32, 33 (7th Cir. 1976). This Court has already recognized that Alan Alhomsi, as a *pro se* litigant, may not

7

represent the Association (Doc. 56). As *pro se* litigants, neither Alan Alhomsi nor Nawwar Alhomsi may represent the Association in the Underlying Litigation.

Any claims that belong to the Association are insufficient to trigger a duty to defend as Alan Alhomsi and Nawwar Alhomsi cannot legally recover for such damages. In other words, because Alan Alhomsi and Nawwar Alhomsi are not licensed attorneys and cannot represent the Association, any facts associated with any claim(s) that belong to the Association cannot trigger coverage under the Cambridge policy. See *Westfield Ins. Co. v. Nat'l Decorating Serv.*, 863 F.3d 690, 696 (7th Cir. 2017) (the duty to defend cannot be invoked if the underlying plaintiff cannot legally recover for the alleged damages); *Allied Prop. & Cas. Ins. Co. v. Metro North Condo. Ass'n*, 850 F.3d 844, 849 (7th Cir. 2017) (insurer had no duty under policy for damages in which the underlying claimant did not have standing to recover); *Westfield Ins. Co. v. West Van Buren, LLC*, 2016 IL App (1st) 140862, ¶ 20, 59 N.E.3d 877, 885 (factual allegations of damages to non-parties insufficient to trigger coverage under an insurance policy).

In fact, the Court in the Underlying Litigation dismissed all claims purported to be brought derivatively. Therefore, any factual allegations as to claim(s) that belong to the Association cannot trigger coverage under the Cambridge policy as neither Alan Alhomsi nor Nawwar Alhomsi has legal standing to prosecute such claims and cannot recover for such claims.

8

**4. THERE IS NO COVERAGE PURSUANT TO "PERSONAL INJURY" AND "ADVERTISING INJURY" LIABILITY COVERAGES.**

The Cambridge policy provides coverage for "personal injury" and "advertising injury." Specifically, the policy provides coverage for "'personal injury' caused by an offense arising out of your business, excluding advertising, publishing, broadcasting or telecasting done by or for you." The policy also provides coverage for "'advertising injury' caused by an offense committed in the course of advertising your goods, products, or services." The policy contains an exclusion as to "personal injury" or "advertising injury" "arising out of oral or written publication of material, if done by or at the direction of the insured with knowledge of its falsity" (Doc. 35-1; Doc. 35-2; 35-3).

The Underlying Plaintiffs' Counts 19 and 23 are titled "Defamation (Per se)." In Count 19, the Underlying Plaintiffs specifically allege that "False statements by defendants in this count were made with actual malice. Defendants had knowledge of the falsity of their statements or a high degree of awareness of their probable falsity" (Doc. 35-4, ¶ 305). Count 19 is only brought against the Association and Mento.

Count 23 was brought only against Benko by Alan Alhomsi (Doc. 35-4). Alan Alhomsi alleges that "False statements by defendants [*sic*] in this count were made with actual malice. Defendants [*sic*] had knowledge of the falsity of their statements or a high degree of awareness of their probable falsity" (Doc. 35-4, ¶ 351).

### A. COUNT 23 DOES NOT TRIGGER "PERSONAL INJURY" OR "ADVERTISING INJURY" COVERAGE.

There are no facts alleged in the Underlying Plaintiffs' Third Amended Complaint which support that any injury arose out of the Association's business. There are no facts to support a "personal injury" as defined by the policy. Likewise, there are no facts to support that Benko committed an offense in the course of advertising the Association's "goods, products, or services" to support an "advertising injury." Count 23 does not trigger coverage as to Benko (or any other insured).

### B. THE CAMBRIDGE POLICY'S "KNOWLEDGE OF FALSITY" EXCLUSION BARS ANY COVERAGE.

The application of the "knowledge of falsity" exclusion is based on actual pleadings. *Del Monte Fresh Produce N.A., Inc. v. Transp. Ins. Co.*, 500 F.3d 640, 646 (7th Cir. 2007). If the allegations allege knowledge of the falsity of the statements to obtain relief, the "knowledge of falsity" exclusion bars coverage. *Id.* at 646-47.

The Underlying Plaintiffs, in Count 19 and Count 23 of the Third Amended Complaint, allege "Defamation of Character (Per Se)" (Doc. 35-4, ¶¶ 285-309, 346-355). The Underlying Plaintiffs allege that "[f]alse statements by defendants in this count were made with actual malice. Defendants had knowledge of the falsity of their statements or a high degree of awareness of their probable falsity" (Doc. 35-4, ¶¶ 305, 351). The knowledge of falsity exclusion bars coverage for all alleged statements made by the Individual Defendants with knowledge of their falsity. See *Del Monte*, 500 F.3d 640, 646-47. Counts 19 and 23 are excluded by the Cambridge policy. Therefore, Counts 19

10

and 23 do not support that Cambridge has any duty to provide coverage to the Association or Mento (or any other Individual Defendant).

5.　**THERE IS NO COVERAGE FOR THE INDIVIDUAL DEFENDANTS FOR CLAIMS WHICH AROSE OUT OF OR IN CONNECTION WITH CONDUCT WHICH WAS NOT PART OF THEIR DUTIES AS OFFICERS OR DIRECTORS OF THE ASSOCIATION.**

The Cambridge policy includes officers and directors of the named insured as insureds, "but only with respect to their duties as [the Association's] officers or directors" (Doc. 35-1, pg. 56; Doc. 35-2, pg. 56; Doc. 35-3, pg. 62). The Directors and Officers coverage only covers the Individual Defendants for claims made against them by reason of wrongful acts, which means any negligent act, any error, omission or breach of duty attributed to a director or officer while acting in their capacity as a director or officer.

The Individual Defendants are only covered by the policy as to allegations for conduct while they were acting within the scope of their duties on behalf of the Association, as the named insured, and there is no coverage for the Individual Defendants for allegations as to conduct outside of the scope of their duties or outside of the policy period.

The Underlying Plaintiffs' Third Amended Complaint makes clear that all allegations against the Individual Defendants are for intentional and fraudulent conduct. Such intentional conduct is sufficient to fall within the exclusion. See *Cambridge Mut. Fire Ins. Co. v. 1347-49 N. Sedgwick Condo. Ass'n*, 2013 U.S. Dist. LEXIS 9750, at *14 (N.D. Ill. Jan. 23, 2013) (holding no coverage for the officers or directors of a

condominium association because the policy excluded coverage for intentional misconduct).

The Underlying Plaintiffs do not allege any facts to support "property damage" caused by an "occurrence" to trigger coverage. Rather, the Underlying Plaintiffs allege that the Association and the Individual Defendants engaged in intentional conduct which is expressly excluded from coverage. The Underlying Plaintiffs also fail to allege that the Individual Defendants engaged in covered conduct while acting in their capacities as directors or officers of the Association. There are no allegations to trigger coverage for the Association or the Individual Defendants. As such, Cambridge asks the Court to grant its Motion for Summary Judgment.

**WHEREFORE**, for the above stated reasons, the Plaintiff, Cambridge Mutual Fire Insurance Company, requests that this Honorable Court grant its Motion for Summary Judgment and find that there is no duty to defend the Bell & Arthur Condominium Association, Michael Mento, Lisa Mijatovic, Driton Ramushi and Seli Benko.

        Respectfully submitted:

        PRETZEL & STOUFFER, CHARTERED

    By: **/s/ *Jonathan L. Federman***
        Jonathan L. Federman

Robert Marc Chemers | ARDC No.: 00431508
Jonathan L. Federman | ARDC No.: 6312779
PRETZEL & STOUFFER, CHARTERED
One South Wacker Drive
Suite 2500
Chicago, Illinois 60606
Telephone: (312) 578-7548
Fax: (312) 346-8242
E-Mail: rchemers@pretzel-stouffer.com
jfederman@pretzel-stouffer.com
*Attorneys for Plaintiff Cambridge Mutual Fire Insurance Company*

13